**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EDWARD MCFERRIN, JR.,

    Plaintiff,

v.	Case No. 04-CV-75043-DT

CITY OF PONTIAC et al.,

    Defendants.
    _____/

**ORDER DENYING PLAINTIFF'S "MOTION FOR PRODUCTION OF CONFIDENTIAL INFORMANT FOR *IN CAMERA* INTERVIEW UNDER OATH"**

On October 31, 2005, the court conducted an in-person status conference in the above-captioned matter. During that conference, the court directed Plaintiff to submit to the court a memorandum in support of his orally stated request for production of the confidential informant who, according to Defendant officers, provided them their first indication of Plaintiff's activities on the day of the incident giving rise to this litigation. The court specifically directed Plaintiff to locate and articulate the proper standard of proof required to overcome the well-known informant privilege that would ordinarily lead a court to reject such requests for revelation of the informant's identity.

In response, on November 4, 2005, Plaintiff filed his "Motion for Production of Confidential Informant For *In Camera* Interview Under Oath." On November 10, 2005, Defendants responded to Plaintiff's motion.

Plaintiff argues that the proper test to use in determining whether a confidential informant should be ordered by the court to be produced is found in *United States of*

*America v. Dion Eric Savage et al.*, 969 F. Supp. 450 (E.D. Mich. 1997).  The *Savage* court held that:

> Only if the informant's testimony is "material," must his or her identity be disclosed.  Courts primarily look at three factors in assessing the materiality of an informant's testimony, including: (1) the level of the informant's involvement; (2) the helpfulness of the disclosure and (3) the government's interest in non-disclosure.

*Id*. at 453. (citations omitted.)

> Plaintiff argues that:

> [w]ithout the source, there was no legitimate legal reason to approach the plaintiff.  Clearly what the source said is material to plaintiff's case. . . .  If the source never existed or if the source did not state to the police the specifics of what they claim, but something innocuous, plaintiff's civil rights were likely violated.  This disclosure would be helpful to plaintiff's burden of proof in this lawsuit and his burden at summary judgment.

(Pl.'s Mot. at 4.)

Plaintiff thus contends that the *Savage* court's test of materiality is met and that the informant should be produced. The court finds this argument unavailing.  First, Plaintiff has made no showing – no offer of proof, no affidavit, no evidence of any kind – that suggests that the informant is imaginary or did not provide the information specified by Defendants.  Second, the *Savage* court's explanation is only of the *necessary;* it does not equate the necessary with what is *sufficient.*  By its own terms it identifies materiality as a minimum, pointing out that in the absence of materiality no revelation of the informant is required.  There is more to weighing the question than demonstrating materiality, i.e., helpfulness to the case of the proponent of revelation. In addition, in making such decisions courts do more than merely "look at" various factors, as phrased by Plaintiff, quoting *Savage*.  These factors, and others, are, in fact, weighed.

The court finds that a far better statement of the test to be used in evaluating the limits of the confidential informant privilege is found in *Holman v. Cayce*, 873 F.2d 944 (6th Cir. 1989). The *Holman* holding is significant because the *Holman* court recognized that there is a different emphasis in determining whether limits should be applied to the confidential informant privilege in a civil case as opposed to a criminal matter, holding that "as a practical matter, consideration of the circumstances involved in civil litigation will usually mean that the privilege is less likely to give way in a civil action." *Id*. at 946-47. Indeed, the *Holman* court recognized that "[i]n the context of civil litigation, the emphasis shifts from consideration of whether disclosure is necessary to an accused's defense to whether disclosure is essential to the fair determination of a party's cause." *Id*. at 946.

The court is guided in its determination by the following standard, discussed in *Holman*:

> [W]here the informant was neither a witness to nor an active participant in the conduct which gave rise to the civil cause of action, the party seeking to compel disclosure of the identity of a confidential government informant will shoulder a formidable burden in establishing a justification for overriding the privilege. Normally, that can be accomplished only by a compelling demonstration that the information sought from the informant is likely to influence the outcome of the case or is essential to the party's preparation for trial.

*Id*. at 947.

Plaintiff has not offered a compelling showing, indeed, no *evidentiary* showing of any kind, that the information sought from the informant is likely to influence the outcome of this case nor that the confidential informant was an active participant in the conduct which gave rise to Plaintiff's action (i.e. his seizure and transport to the

3

hospital).  In his motion, Plaintiff's argument is essentially that the police would have had no reason to approach Plaintiff if the source did not exist.  Plaintiff says nothing of what involvement the confidential informant had in this matter once Plaintiff was approached by police and taken to the hospital where he endured the invasive procedures of which he complains.

As Defendants argue in their response to Plaintiff's motion, Plaintiff's bald assertion of a suspicion that the confidential informant does not exist is not enough to overcome the privilege.  Moreover, Defendants have presented in their response to Plaintiff's motion Pontiac police officer Daniel Mann's affidavit about the receipt of information from this informant, and a confidential informant "activity log" referred to in Mann's affidavit.  This activity log refers to multiple occasions where the confidential informant was in contact with the Pontiac police department.  Defendant has therefore proffered some evidence that the confidential informant exists, certainly more weighty than Plaintiff's mere assertion of possible non-existence coupled with a strategic interest in revealing his or her identity, criminal history and statements.

Further, the officers did not approach Plaintiff based only upon the confidential informant's information.  The officers' statements aver that they observed Plaintiff (1) cup his hand and raise it to his mouth upon their approach as though he was placing something in his mouth, (2) refuse to cooperate when directed to open his mouth, (3) resist when attempts were made to forcefully open his mouth, (4) appear to have difficulty in attempting to swallow a large object.  There is no evidence that the officers involved the confidential informant in their interaction with Plaintiff at any point after he was approached and subsequently taken into custody.  There is, therefore, no balance

in favor of disclosure of any kind, including *in camera*. Accordingly, Plaintiff's "Motion For Production of Confidential Informant For *In Camera* Interview Under Oath" [Dkt. # 26] is DENIED.

    IT IS SO ORDERED.

                       S/Robert H. Cleland
                       ROBERT H. CLELAND
                       UNITED STATES DISTRICT JUDGE

Dated:  November 18, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 18, 2005, by electronic and/or ordinary mail.

                       S/Lisa Wagner
                       Case Manager and Deputy Clerk
                       (313) 234-5522

S:\Cleland\DEM\OpinionsandOrders\04-75043.MCFERRIN.DenyingMotionForProductionofConfidentialInformant.2.wpd